UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JENNIFER LEE GLOVER,

                            Plaintiff,

v.                                                      1:18-CV-0250
                                                        (WBC)

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC           BRANDI SMITH, ESQ.
  Counsel for Plaintiff                       KENNETH HILLER, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                   BENIL ABRAHAM, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II      BLAKELY PRYOR, ESQ.
  Counsel for Defendant                       FRANCIS TANKARD, ESQ.
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

        The parties consented, in accordance with a Standing Order, to proceed before

the undersigned.  (Dkt. No. 19.)  The court has jurisdiction over this matter pursuant

to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-

motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure.  For the reasons discussed below, Plaintiff's motion is granted to the

extent it seeks remand for further proceedings, and the Commissioner's motion is

denied.

I.     **RELEVANT BACKGROUND**

A.     **Factual Background**

Plaintiff was born in 1972.  (T. 150.)  She completed two years of college and obtained a cosmetology license.  (T. 166.)  Generally, Plaintiff's alleged disability consists of a back impairment, depression, and anxiety.  (T. 165.)  Her alleged disability onset date is November 28, 2012.  (T. 64.)  Her past relevant work consists of pizzeria worker.  (T. 166.)

B.     **Procedural History**

On April 4, 2014, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  (T. 64.)  Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ").  On October 11, 2016, Plaintiff appeared *pro se* before the ALJ, Timothy McGuan.  (T. 33-49.)  On January 6, 2017, ALJ McGuan issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 11-32.)  On December 22, 2017, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-6.)  Thereafter, Plaintiff timely sought judicial review in this Court.

C.     **The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law.  (T. 16-27.)  First, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 4, 2014.  (T. 16.)  Second, the ALJ found Plaintiff had the severe impairments of: degenerative disc disease of the lumbar and cervical spine; obesity; major depressive disorder; and polysubstance abuse disorder.  (T. 17.)

Third, the ALJ found Plaintiff's impairments, including the substance use disorders, meet sections 12.04 and 12.09 of 20 C.F.R. Part 404, Subpart P, App'x 1.  (*Id.*)  Fourth, the ALJ found if Plaintiff stopped the substance use, the remaining limitations would cause more than a minimal impact on Plaintiff's ability to perform basic work activities; therefore, Plaintiff would continue to have a severe impairment or combination of impairments.  (T. 19.)  Fifth, the ALJ found if Plaintiff stopped the substance use, Plaintiff would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, App'x 1.  (*Id.*)  Sixth, the ALJ found if Plaintiff stopped the substance use, Plaintiff would have the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b); except, Plaintiff could occasionally understand, remember, and carry out complex and detailed tasks.  (T. 20.)[1]  The ALJ also found Plaintiff could occasionally interact with the public.  (*Id.*)  Seventh, the ALJ determined Plaintiff had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 25-26.)

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Arguments

Plaintiff makes two separate arguments in support of her motion for judgment on the pleadings.  First, Plaintiff argues the ALJ failed to properly evaluate Plaintiff's mental

---

[1]        Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. § 416.967(b).

functioning without substance abuse.  (Dkt. No. 11 at 15-22.)  Second, and lastly, Plaintiff argues the ALJ's physical RFC determination was not supported by substantial evidence.  (*Id*. at 22-27.)  Plaintiff also filed a reply in which she reiterated her original arguments.  (Dkt. No. 17.)

> ### B.    Defendant's Arguments

In response, Defendant makes two arguments.  First, Defendant argues the ALJ properly evaluated Plaintiff's substance abuse.  (Dkt. No. 16 at 18-23.)  Second, Defendant argues the ALJ properly weighed the medical opinions of record.  (*Id*. at 23-31.)

## III.    RELEVANT LEGAL STANDARD

> ### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.    Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 416.920.  The Supreme Court has recognized the validity of this sequential evaluation

process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The

five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity;
> (2) whether the claimant has a severe impairment or combination of
> impairments; (3) whether the impairment meets or equals the severity of the
> specified impairments in the Listing of Impairments; (4) based on a 'residual
> functional capacity' assessment, whether the claimant can perform any of
> his or her past relevant work despite the impairment; and (5) whether there
> are significant numbers of jobs in the national economy that the claimant
> can perform given the claimant's residual functional capacity, age,
> education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

As an initial matter, this case involves drug addiction and alcoholism ("DAA") that

the ALJ determined was material to Plaintiff's case.  20 C.F.R. § 416.935(b)(1)[2]; *see*

*also* SSR 13-2p, 2013 WL 621536, at *4 (S.S.A. Feb. 20, 2013) [3].  In such cases, even

though a plaintiff initially meets the traditional definition of "disabled" (inability to engage

in substantial gainful activity), the ALJ must conduct a secondary analysis to determine

whether plaintiff's DAA is material to an initial finding of disability.

A "key factor" in such secondary analysis is whether the plaintiff would still be

found disabled if she stopped using drugs or alcohol.  *See* 20 C.F.R. § 416.935(b)(2).

---

[2]       Effective March 27, 2017, many of the regulations cited herein have been amended, as
have Social Security Rulings ("SSRs").  Nonetheless, because Plaintiff's social security application was
filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the
earlier regulations and SSRs.

[3]       In 1996, Congress enacted the Contract with America Advancement Act ("CAAA"), to
provide that *"[a]n individual shall not be considered ... disabled ... if alcoholism or drug addiction would ...
be a contributing factor material to the Commissioner's determination that the individual is disabled."*
Pub.L. No. 104–121 § 105(a)(1), 110 Stat. 847 (codified at 42 U.S.C. § 423(d)(2)(C)).  This amendment,
sometimes referred to in interpretive jurisprudence as the "DAA (drug addiction or alcoholism)
Amendment" *alters* the traditional definition of disability.  *Cage v. Commissioner of Soc. Sec.,* 692 F.3d
118, 123-124 (2d Cir. 2012), *cert. denied,* - U.S. –, 133 S.Ct. 2881 (2013).

The ALJ first determines whether physical and mental limitations would remain in the absence of substance abuse.  *Id*.  If so, the ALJ then decides whether those remaining limitations are disabling on their own.  *Id*.  If so, the plaintiff is considered disabled within the meaning of the Act notwithstanding her drug addiction or alcoholism.  *Id*. § 416.935(b)(2)(ii).  If not, alcohol or substance abuse is considered material, and the plaintiff is not eligible for benefits.  *Id*. § 416.935(b)(2)(i).

Plaintiff argues the ALJ erred in his duty to develop the record concerning methadone treatment and hospitalization stays.  (Dkt. No. 11 at 17-18.)  Specifically, Plaintiff argues the ALJ failed to obtain treatment notations from the Drug Abuse Research & Treatment ("DART") clinic after July 2014 despite evidence indicating Plaintiff received treatment through at least May 2016.  (*Id*.)  Plaintiff further argues she reported multiple inpatient stays at Erie County Medical Center ("ECMC") between October 2015 and the hearing; however, the ALJ only requested treatment records from November 29, 2012 to November 4, 2015 and from September 15, 2016 to present.  (*Id*.)  In addition, Plaintiff asserts the ALJ's duty to develop the record was heightened because she appeared *pro se* at the hearing.  (*Id*.)  For the reasons outlined below, remand is necessary to obtain missing treatment records concerning a hospitalization in early September 2016.

It is well-established Second Circuit law that "the ALJ, unlike a judge in a trial, must himself affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding."  *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) (internal quotation and citations omitted).  The ALJ must fulfill this duty "even when the claimant is represented by counsel."  *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996).

However, if there are no "obvious gaps" in the administrative record, the ALJ "is under no obligation to seek additional information in advance of rejecting a benefits claim." *Rosa v. Callahan*, 168 F.3d 72, 79 n. 5 (2d Cir. 1999); *Petrie v. Astrue*, 412 F. App'x 401, 406 (2d Cir. 2011) (ALJ under no obligation to seek additional information from treating source where there were no gaps or deficiencies in the voluminous record).

Evidence in the record indicates Plaintiff was hospitalized at ECMC from September 8, 2016 through September 14, 2016; however, those treatment notations are not in the record.  A letter dated September 14, 2016 from a social worker at ECMC only stated Plaintiff was admitted on September 8, 2016 and discharged on September 14, 2016; however, no treatment notations were attached.  (T. 700.)  It is unclear why the treatment notations from this hospital admission were not included with the letter.

Plaintiff was admitted to ECMC again from September 28, 2016 through October 5, 2016.  (T. 735-744.)  Treatment notations from that stay reference Plaintiff's "recent admission and discharge from [ECMC] in the month of September 2016."  (T. 735.)  The treatment notations from her admission on September 28, 2016 do not contain a summary of her treatment from earlier that month.  (T. 735-744.)

At her October 2016 hearing, Plaintiff testified she was discharged from ECMC on October 6, 2016 and she was also "hospitalized a week before that."  (T. 41.)  The ALJ stated he was going to "need those documents" (T. 41) and at the conclusion of the hearing he informed Plaintiff he would "get those other records from ECMC" and inquired if there was any other treatment she received (T. 47).  The ALJ also informed Plaintiff he would send her copies of any additional evidence received and she would have an opportunity to respond.  (T. 48.)  After the hearing, the ALJ requested records

8

from ECMC from "11/28/2012 to 11/04/2015 and 9/15/2016 present." (T. 733.) On October 31, 2016, the ALJ provided copies of the additional records received to Plaintiff. (T. 229-230.) Plaintiff did not respond.

Here, remand is necessary to obtain the hospitalization records from September 8, 2016 through September 14, 2016. Although the ALJ took the proper steps to develop the record, his request for additional records failed to encompass the correct time period. Plaintiff's early September 2016 hospitalization records are absent from the record and the missing records were not summarized in subsequent treatment notations. *Blash v. Comm'r of Soc. Sec. Admin.*, No. 19-1674-CV, 2020 WL 2517062, at *2 (2d Cir. May 18, 2020). The records exist and without more this Court cannot say absence of such records would not change the outcome of Plaintiff's case. *See Morris v. Berryhill,* 721 F. App'x 25, 28 (2d Cir. 2018) ("overnight hospital stay is likely to be a serious and critical medical event that could materially change the weight of the evidence on the disability determination").

Of note, although the ALJ has a duty to develop the record, Plaintiff and her representatives also have a duty to provide evidence. To be sure, as stated by Plaintiff, an ALJ's duty to develop the record is "heightened for a *pro se* claimant." *Morris,* 721 App'x at 27. And as outlined above, the ALJ properly inquired at the hearing about outstanding records, obtained additional records, and explained to Plaintiff how additional evidence submitted post-hearing was reviewed.

Although Plaintiff appeared *pro se* at her hearing, she had representation at the time of filing in 2014. (T. 64.) Plaintiff's initial representative withdrew shortly before the hearing in 2016. (T. 115.) Plaintiff's current counsel began representation in 2017,

after Plaintiff requested review by the AC, but well before the AC issued a decision.  (T. 7.)  Counsel represented Plaintiff while her request for review was pending before the AC and in her action before this Court, a span of almost 18 months.  (*Id*.)  Despite knowing specific records from ECMC existed and were absent from the record, counsel failed to supply those records to the AC or this Court.

Ultimately Plaintiff bears the burden at steps one through four of the sequential process.  *Sczepanski v. Saul*, 946 F.3d 152, 158 (2d Cir. 2020) (citing *McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014)).  Plaintiff has an ongoing duty to disclose "any additional related evidence about which [Plaintiff] become[s] aware."  20 C.F.R. § 416.1512.  Plaintiff's duty "applies at each level of the administrative review process, including the Appeals Council level if the evidence relates to the period on or before the date of the administrative law judge hearing decision."  *Id*.

Further, although the ALJ has a duty to develop the record, counsel is not relieved of the duty to provide competent representation.  *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 305 (2d Cir. 2011)[4].  Representatives have an affirmative duty "to help obtain the information or evidence that the claimant must submit under [the] regulations and forward the information or evidence [to the Commissioner] for consideration as soon as practicable."  20 C.F.R. § 416.1540(b)(1); *see Bushey v. Colvin*, 607 F. App'x 114, 115 (2d Cir. 2015) (ALJ's "obligation [to develop the record] is lessened where, as here, the claimant is represented by counsel who makes insufficient

---

[4]       EAJA fees may be denied to a prevailing plaintiff whose attorney's failure to "seek or produce critical medical records from the period of plaintiff's claimed disability ... made it impossible to determine whether plaintiff was, in fact, entitled to disability benefits."  *Vincent*, 651 F.3d at 305 (quoting *Bryant v. Apfel,* 37 F.Supp.2d 210, 213 (E.D.N.Y. 1999)).

efforts to incorporate earlier records"); *see Rivera v. Berryhill*, No. 3:18-CV-143, 2019 WL 1292490, at *4 (D. Conn. Mar. 21, 2019) (ALJ was not required to further develop the record where plaintiff was represented and had "enough time to procure and present the missing [evidence] to the ALJ before, at, or after the administrative hearing); *see Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987) ("This allocation of burdens of proof is well within the Secretary's 'exceptionally broad authority' under the statute.... It is not unreasonable to require the claimant, who is in a better position to provide information about his medical condition, to do so.") (citation omitted).

Ultimately, although the ALJ requested additional records from ECMC, his request failed to include the proper dates.  The additional evidence, a weeklong hospitalization, may provide important insight into Plaintiff's case.  Because remand is necessary to obtain additional records, Plaintiff's remaining arguments need not be addressed.  Based on any new evidence obtained, the ALJ may also need to make new materiality finding, as well as findings related to Plaintiff's RFC and subsequent steps of the sequential process.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated:        July 29, 2020

William B. Mitchell Carter
U.S. Magistrate Judge

11